UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINQUETTA FRAZIER,

               Plaintiff,

-against-

TOWN OF ISLIP HOUSING AUTHORITY,

               Defendant.

23-CV-7518 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, filed a letter alleging that Defendant Town of Islip Housing Authority violated her rights in Central Islip, New York.[1] For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff alleges that Defendant violated her rights with respect to housing. She does not plead the residence of Defendant, but she asserts that the alleged events giving rise to her claims

---

[1] The Clerk of Court opened Plaintiff's letter as a new civil action. The letter is unsigned and was not accompanied by the filing fees or a request to proceed *in forma pauperis*.

occurred in Central Islip, Suffolk County, New York. Suffolk County is located in the Eastern District of New York.[2] *See* 28 U.S.C. § 112(c). Because nothing in the submission suggests that Defendant is located in this district, or that the events giving rise to Plaintiff's claims occurred within this district, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).[3]

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims allegedly arose in Suffolk County, which is within the Eastern District of New York. *See* § 112(c). Accordingly, under Section 1391(b)(2), venue lies in the United States District Court for the Eastern District of New York, and in the interest of justice, this Court transfers this action to that court. *See* §§ 1391(b)(2), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

---

[2] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:	August 30, 2023
	New York, New York

					 /s/ Laura Taylor Swain
						LAURA TAYLOR SWAIN
						Chief United States District Judge